IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY L. PETERSEN, | |
| Plaintiff, | 8:12CV420 |
| vs. | |
| ELLA OPP, ALVIN OPP, DORIS AHLMAN, ARNIE AHLMAN, and PAULA M. GILSON, | ORDER |
| Defendants. | |

This matter is before the court *sua sponte*. Pursuant to Federal Rule of Civil Procedure 12(h)(3), this court has an obligation to dismiss this action if it determines at any time that it lacks subject-matter jurisdiction. The plaintiff Mary L. Petersen (Petersen) has not properly alleged that this court has jurisdiction over her claims. Therefore, the court will order Petersen to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

### SUMMARY OF COMPLAINT

Petersen filed a complaint against Ella and Alvin Opp, Doris and Arnie Ahlman, and Paula M. Gilson. **See** Filing No. 1 - Complaint p. 1. Petersen alleges the events underlying the suit occurred when Petersen "was brought back by family from [T]ulsa OK in 70's to Bryan Hospital in Lincoln, Nebr." *Id.* at 2. Petersen generally alleges she had "some sort" of mental breakdown and was hospitalized in a state hospital in Lincoln, Nebraska, because Doris Ahlman and Ella Opp, Petersen's sisters, lied, saying Petersen attempted to harm herself. *Id.* Petersen alleges her daughter, Paula M. Gilson, does not understand the situation. *Id.* On the form complaint, Petersen check-marked the line stating jurisdiction is appropriate because the "United States or a federal official or agency is a party." *Id.* at 4. In Petersen's statement regarding venue, Petersen provides, "I can't trust Nebraska Law. How they have treated me [and] may continue to treat me without proper cause . . . because of myself being lied about . . . without cause." *Id.* Petersen seeks the following relief, "Being put in a mental ward anywhere in USA" and "I want something in writing [and] legal to know that has to stop

when cause in not shown to me [and] proven to me.  And needed by my doctor or nurse practitioner.  To be to the best of my interests [and] felt by them."

## ANALYSIS

"[S]ubject-matter jurisdiction cannot be waived, and it is our duty to raise the issue sua sponte."  **State of Mo. ex rel. Missouri Highway & Transp. Comm'n v. Cuffley**, 112 F.3d 1332, 1334 (8th Cir. 1997).  "[F]ederal courts are courts of limited jurisdiction[.]"  **United States v. Afremov**, 611 F.3d 970, 975 (8th Cir. 2010).  A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction.  **See** 28 U.S.C. §§ 1331-32.  A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  **See** 28 U.S.C. § 1331.  Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  **See** 28 U.S.C. § 1332(a).  "[P]ro se complaints are to be construed liberally[.]"  **Stringer v. St. James R-1 Sch. Dist.**, 446 F.3d 799, 802 (8th Cir. 2006).

Construing Petersen's complaint liberally, Petersen's complaint generally alleges the defendants lied to commit Petersen to a state hospital.  Currently, Petersen's claims do not sufficiently allege a claim under the Constitution, laws, or treaties of the United States.  Additionally, diversity jurisdiction is not met because Petersen and four of the defendants reside in the same state, Nebraska, and Petersen does not seek monetary relief in excess of the jurisdictional minimum.  **See** Filing No. 1 - Complaint p. 1.  Based on the allegations set forth in Petersen's complaint, the court doubts it has subject-matter jurisdiction over Petersen's claims.  However, Petersen shall file an amended complaint which sufficiently alleges a constitutional or statutory violation and the specific facts giving rise to the violation, such as a detailed account of the time period of the events giving rise to the violation.[1]  For example, a constitutional violation may be sufficiently alleged if an individual was held in a state hospital against her will by a state actor.  Accordingly,

---

[1] Petersen may want to review "A Guide to Self Representation for Non-Prisoners" on the United States District Court District of Nebraska website for reference on handling matters pro se.  **See** http://www.ned.uscourts.gov/public/proceeding-without-an-attorney

**IT IS ORDERED:**

Petersen shall have until **June 10, 2013**, to file an amended complaint as explained above. Petersen shall file the amended complaint with the Clerk of the District Court clearly setting forth the basis of Petersen's claims.

Dated this 9th day of May, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge